

**ORDERED in the Southern District of Florida on December 9, 2023.**



Erik P. Kimball
Chief United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                    Case No. 23-17590-EPK
                                                          Chapter 11
MV Realty PBC, LLC, *et al.*,                             (Jointly Administered)

      Debtors.
_____/

MV Realty of North Carolina, LLC,

      Plaintiff,

v.                                                        Adv. Proc. No. 23-01255-EPK

North Carolina Real Estate
Commission,

      Defendant.
_____/

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

    This matter comes before the Court on the motion of MV Realty of North Carolina,

LLC, the plaintiff in this adversary proceeding, for a temporary restraining order as set forth

in the *Plaintiff's Verified Motion for Emergency Temporary Restraining Restraining Order*

*and For Preliminary Injunction* (ECF No. 2, the "Motion").  For the reasons that follow, the Court will deny the request for a temporary restraining order and will set a non-evidentiary hearing on the request for preliminary injunction at which time the Court will address briefing and any need for an evidentiary hearing.

The plaintiff is one of several related entities that filed voluntary chapter 11 petitions in September 2023, commencing these jointly administered chapter 11 cases.  In the Motion, the plaintiff describes the debtors' business enterprise, their capital structure, certain pre-bankruptcy litigation with various states including the State of North Carolina, and relevant activity in these jointly administered chapter 11 cases.  There is no need for the Court to repeat that background here.

The North Carolina Real Estate Commission ("NCREC") regulates licensed real estate brokers in the State of North Carolina.  Among other things, the NCREC is responsible for disciplinary actions against brokers.  N.C.G.S. § 93A-6(a).

In May 2023, the NCREC commenced a disciplinary action against the plaintiff and two affiliated individual real estate brokers and set a disciplinary hearing.  The plaintiff and individual respondents were represented by counsel.  After the respondents requested a continuance of the disciplinary hearing before the NCREC, the hearing was re-scheduled to September 27, 2023.  The plaintiff filed its chapter 11 petition only a few days prior to the re-scheduled hearing.  ECF No. 1; Case No. 23-17595.  As a result of the bankruptcy filing, the NCREC continued the hearing and sought guidance from this Court.

On October 12, 2023, the NCREC filed a motion in the main chapter 11 case asking this Court to confirm that the NCREC disciplinary action against the plaintiff and related individual brokers is excepted from the automatic stay under 11 U.S.C. § 362(b)(4) as an exercise of the police and regulatory power of the State of North Carolina.  ECF No. 82; Case No. 23-17590.  At a hearing on October 25, 2023, the plaintiff conceded that the NCREC

disciplinary proceeding is not subject to the automatic stay.  On October 27, 2023, the Court entered an order confirming that the disciplinary proceeding is not stayed and authorizing the NCREC to proceed with the matter.  ECF No. 139; Case No. 23-17590.

On November 21, 2023, the NCREC provided notice to the plaintiff and affiliated individual brokers that it would hold a disciplinary hearing on December 14, 2023.  The plaintiff states that the notice of hearing contemplates additional complaints from customers previously unknown to the plaintiff.

It is unclear what became of counsel who represented the plaintiff and individual brokers in connection with the NCREC disciplinary matter prior to this bankruptcy case.  In spite of this Court's order six weeks ago authorizing the NCREC to move forward, the plaintiff waited until just a few days ago to obtain approval of the expansion of its engagement of previously retained North Carolina counsel to assist the plaintiff in the NCREC disciplinary matter.  ECF Nos. 417, 422; Case No. 23-17590.

The plaintiff asked the NCREC to continue the December 14, 2023 hearing, citing the recent retention of counsel and claiming a need for discovery and briefing.  The NCREC denied that request.  The plaintiff argues that if the hearing before the NCREC goes forward on December 14, 2023, the plaintiff could lose its real estate license in North Carolina, leaving it without the ability to perform under agreements with more than 2,000 homeowners in the State of North Carolina.

In the Motion, the plaintiff asks for several forms of novel relief.

The plaintiff wants this Court to stay the December 14, 2023 NCREC disciplinary hearing until their counsel can conduct discovery and address legal briefing.  The plaintiff wants this Court to require the NCREC to set any future hearing at least 45 days after this Court's order authorizing the plaintiff to retain counsel for the matter.  In effect, the plaintiff

asks this Court to grant a continuance of the NCREC disciplinary hearing, a continuance the plaintiff already requested and the NCREC denied.

The plaintiff asks this Court to prohibit the NCREC from suspending or revoking any real estate broker license of the plaintiff or an affiliated broker, or for this Court to stay such suspension or revocation, through any motions for rehearing, related actions in North Carolina state court, and appeals. By this request, the plaintiff asks this Court to limit the state law rights available to the NCREC so that no ruling is binding on the plaintiff or its affiliated brokers unless the plaintiff has exhausted every remedy available to it. In effect, the plaintiff asks this Court to enter a stay pending appeal from an adverse ruling of the NCREC prior to the NCREC even conducting the disciplinary hearing.

In support of the Motion, the plaintiff cites 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065. Section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Fed. R. Bankr. P. 7065 incorporates Fed. R. Civ. P. 65 except that the bond requirements of subsection (c) do not apply.

The plaintiff cites the appropriate factors for the Court to consider when ruling on a request for injunction under section 105(a): (1) whether the plaintiff has a likelihood of successful reorganization; (2) whether the bankruptcy estate will suffer irreparable harm if the injunction is not granted; (3) whether the balance of harms favors granting the injunction; and (4) whether the public interest supports entry of the injunction. The plaintiff is correct that this Court may enjoin an action that is excepted from the automatic stay, including actions covered by the police and regulatory power exception.

A temporary restraining order is an extraordinary remedy often entered without notice to the adverse party and usually without a hearing. It is intended to preserve the *status quo* pending a more fulsome judicial review at a preliminary injunction hearing

convened shortly thereafter.  The movant is required to show by affidavit or verified complaint that it will suffer immediate and irreparable injury.

The plaintiff argues that it and its affiliated debtors have a substantial likelihood of reorganization, and that entry of the requested injunction will assist them in that effort. Although the Motion is verified, the Court does not find the plaintiff's presentation sufficient, without further evidence, to cause the Court to conclude it is more likely than not that the plaintiff's reorganization effort will succeed.  In this case, the debtors' very ability to conduct business is under attack in actions pursued by a number of states including the State of North Carolina.  The states seek to invalidate the contracts that form the basis of the debtors' business, among other relief.  The debtors have already suffered adverse preliminary rulings, in some cases requiring the removal of documents recorded by the relevant debtors in real property records and in other cases prohibiting the debtors from enforcing some of their contractual rights.  Nor can the Court conclude from the evidence provided that the imposition of the requested injunction will improve the plaintiff's ability to reorganize.  If the plaintiff is to suffer an adverse ruling on the merits, as the plaintiff so obviously expects, for purposes of reorganization it does not matter whether that ruling happens now or later in the reorganization process.  If the plaintiff is left unable to perform under its contracts with homeowners, then it has greatly reduced and perhaps no ability to succeed in this bankruptcy case.  Based on the limited evidence presented in this verified Motion, the plaintiff has not met its burden to show that it has a substantial likelihood of reorganization.

It is self-evident that if the plaintiff suffers an adverse ruling in the NCREC disciplinary action, the loss of the ability to perform under its contracts with homeowners will harm the plaintiff.  But this risk is an obvious potential outcome of the lawful exercise of the NCREC's police and regulatory power.  By enacting the police and regulatory exception to the automatic stay, Congress exhibited a strong desire that the bankruptcy process not

interfere with governmental efforts to protect their citizens.  The plaintiff argues that its brokerage license is property of the estate and that the NCREC disciplinary action is an inappropriate attempt to gain control of property of the estate.  Yet this is the inevitable impact of a variety of police and regulatory actions.  To say that a governmental entity should not be permitted to exercise its police and regulatory powers because to do so would constrain a debtor-in-possession or trustee or limit the value or usefulness of property of the estate would eviscerate the statutory exception in section 362(b)(4).  The enforcement of licensing requirements, such as in this case, could indeed completely deprive a debtor from the ability to generate income.  This does not mean that the bankruptcy court becomes a super licensing authority that may displace the entities granted responsibility for such matters under applicable law.

Perhaps more egregious, the plaintiff seeks to delay as long as possible what it seems to concede will be an adverse ruling, in hopes of realizing what income it can in the meantime. The plaintiff's brazen request that this Court essentially grant a prospective stay pending appeal of any adverse NCREC ruling, through ensuing state court litigation and appeals, indicates the plaintiff's true goal.  This is not the kind of harm that supports entry of a temporary restraining order.

The plaintiff downplays the harm to NCREC if the temporary restraining order is granted.  The NCREC has waited months to move forward with its disciplinary action.  It acceded to the plaintiff's early request for a continuance only to have the plaintiff file a bankruptcy petition just days before the continued evidentiary hearing.  NCREC then asked this Court to confirm that the automatic stay does not prevent it moving forward, and soon thereafter scheduled the December 14, 2023 hearing.  In the Motion, the plaintiff repeatedly describes NCREC's notice of disciplinary hearing as an "ambush" and with similar language. It is hard to imagine how the plaintiff was surprised by NCREC's request for a hearing

following NCREC's motion and this Court's order confirming that the automatic stay does not impact the disciplinary action. That the plaintiff did not retain counsel until a few days ago is the plaintiff's own fault. If the temporary restraining order is granted, NCREC will be harmed by, yet again, having to continue its hearing.

The plaintiff argues that the public interest will be served by entry of the temporary restraining order because the public interest favors successful reorganizations. But the public interest does not favor a reorganization built on the foundation of a license that should not exist, if that is the case.

In addition to the strong policy in favor of permitting police and regulatory power matters to proceed during bankruptcy, the interests of comity with state law and state administrative agencies militate against the temporary restraining order. The plaintiff already requested a continuance from NCREC which was denied. It is not appropriate to ask this Court to reconsider that ruling, as if on appeal, even if the Court was swayed to differ which it is not. Nor is it appropriate to ask this Court to place a weighty finger on the scales by ordering that even if the NCREC rules adverse to the plaintiff that the ruling cannot take effect until after the plaintiff has exhausted all remedies under North Carolina law. This Court does not enter prospective stays pending appeal for matters proceeding in other tribunals.

All of the foregoing analysis applies even more so to the individual broker affiliated with the plaintiff. The Court need not address the additional hurdles typically present when a debtor seeks to enjoin actions against a non-debtor party.

The Court will deny the plaintiff's request for a temporary restraining order. The Court will set a non-evidentiary hearing on the request for preliminary injunction at which time the Court will address briefing and any need for an evidentiary hearing.

For the foregoing reasons, the Court ORDERS and ADJUDGES as follows:

1. Plaintiff's request for temporary restraining order as set forth in the *Plaintiff's Verified Motion for Emergency Temporary Restraining Restraining Order and For Preliminary Injunction* (ECF No. 2, the "Motion") is DENIED.

2. The Court will conduct a non-evidentiary hearing on the plaintiff's request for a preliminary injunction, as set forth in the Motion, on January 12, 2024 at 9:30 a.m.  The hearing will be held at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.  Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing.  To register, click on or enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E.  If a party is unable to register online, please call Dawn Leonard, Courtroom Deputy, at 561-514-4143.  All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

3. At the hearing, the Court will set briefing requirements and may set a further evidentiary hearing.

4.  No party shall file a response, supplement, or similar document relating to the

Motion except pursuant to prior order of the Court.

###

Copy to:
Michael D. Seese, Esq.

*Michael D. Seese, Esq. shall serve a copy of this order on all appropriate parties and file a certificate of service with the Court.*